**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TROVE BRANDS, LLC d/b/a THE BLENDERBOTTLE COMPANY, a Utah limited liability company, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:21-cv-1237 |
| v. | ) | |
| | ) | |
| NOW HEALTH GROUP, INC. d/b/a NOW, an Illinois corporation, | ) ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | | |

## COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESGINATION OF ORIGIN, AND UNFAIR COMPETITION, AND DEMAND FOR JURY TRIAL

Plaintiff Trove Brands, LLC, d/b/a The BlenderBottle Company ("BlenderBottle®") hereby complains of Now Health Group, Inc. d/b/a NOW ("Defendant") and alleges as follows:

### NATURE OF THE ACTION

1.     BlenderBottle® seeks injunctive relief and damages for acts of patent infringement, trade dress infringement, false designation of origin, unfair competition, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act engaged in by Defendant in violation of the laws of the United States and the State of Illinois.

### PARTIES

2.     Plaintiff Trove Brands, LLC doing business as the BlenderBottle Company is a limited liability company organized and existing under the laws of the State of Utah, with its principal place of business located at 250 South 850 East, Lehi, Utah 84043.

3.      BlenderBottle® is informed and believes, and, based thereon, alleges that Defendant Now Health Group, Inc. doing business as NOW is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business at 224 Knollwood Drive, Bloomingdale, Illinois 60108.

## JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction over the claims in this action that relate to patent infringement, trade dress infringement, false designation of origin, and federal unfair competition pursuant to 35 U.S.C. §§ 271 and 281, 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116, 1121(a), and 1125(a), as these claims arise under the laws of the United States.  The Court has supplemental jurisdiction over the claims that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

5.      This Court has personal jurisdiction over Defendant because Defendant resides in this judicial district, has a principal place of business in this judicial district and has a continuous, systematic, and substantial presence within this judicial district.  For example, Defendant has been selling and offering for sale infringing products in this judicial district, and committing acts of infringement in this judicial district, including but not limited to, selling infringing products to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in Illinois and this district.  These acts form a substantial part of the events or omissions giving rise to BlenderBottle®'s claims.

6.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b) because Defendant is a company organized and existing under the laws of the State of Illinois

and has its principal place of business located within this district, because Defendant has committed acts of infringement by offering to sell and/or selling infringing products in this judicial district, and because Defendant has a regular and established place of business in this district.

## GENERAL ALLEGATIONS

7.      BlenderBottle® revolutionized the way supplements are mixed and consumed. Through the tireless efforts of its designers and engineers over nearly two decades, BlenderBottle® has pioneered innovative technology and path-breaking designs to create premium products that help simplify everyday life.  Available in more than 90 countries worldwide and in over 60,000 retail locations, BlenderBottle®'s shakers have become the go-to products for outdoor enthusiasts, gym goers, serious protein drinkers and more.  Products embodying BlenderBottle®'s proprietary designs and technology have been lauded by consumers and the media, including *Good Morning America*, *Reader's Digest*, *Self*, *the Today Show*, *Men's Fitness*, and others.

8.      BlenderBottle® protects its substantial investment in innovation and design from imitators with its intellectual property rights.

9.      On April 30, 2002, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued United States Patent No. 6,379,032 (the "'032 Patent"), titled "FLOW-THROUGH AGITATOR."  BlenderBottle® is the exclusive licensee of the '032 Patent and has been granted all rights thereunder, including the right and standing to enforce the '032 Patent.  A true and correct copy of the '032 Patent is attached hereto as **Exhibit 1.**

10.     On October 4, 2005, the USPTO duly and lawfully issued United States Design Patent No. D510,235 (the "D235 Patent"), titled "BOTTLE."  BlenderBottle® is the exclusive

licensee of the D235 Patent and has been granted all rights thereunder, including the right and standing to enforce the D235 Patent. A true and correct copy of the D235 Patent is attached hereto as **Exhibit 2**.

11.     Defendant manufactures, uses, sells, offers for sale, and/or imports into the United States shakers that have infringed BlenderBottle®'s patent rights, including the '032 Patent and the D235 Patent (collectively, the "Asserted Patents").

12.     BlenderBottle® manufactures and sells shakers bearing a distinctive trade dress in the overall design of its shaker bottle (the "Bottle Trade Dress"). An example of BlenderBottle®'s Bottle Trade Dress is depicted below.



13.     The Bottle Trade Dress includes: a tall cylindrical form; a top lid element with a tall shoulder; a recessed domed top from which a conical spout protrudes on one side and a pair of brackets on the opposing side; and the brackets host a pivoting arm containing a circular spout closure element.

14.     As a result of BlenderBottle®'s widespread use and display of the Bottle Trade Dress in association with its shaker bottles, (a) the public has come to recognize and identify shakers bearing the Bottle Trade Dress as emanating from BlenderBottle®, (b) the public

recognizes that shakers bearing the Bottle Trade Dress constitute high quality products that conform to the specifications created by BlenderBottle®, and (c) the Bottle Trade Dress has established strong secondary meaning and extensive goodwill.

15.     The Bottle Trade Dress is not functional.  The design features embodied by the Bottle Trade Dress are not essential to the function of the product.  A container that allows one to combine powders and liquids and that also serves as drink dispenser can have many different forms and shapes. The Bottle Trade Dress is not in its particular shape because it works better in that shape.   There are numerous alternative shapes and structures that allow a consumer to combine powders and liquids and use them as a drink dispenser.  Examples of commercially available alternatives are depicted in the table below:



| | |
|---|---|
| | *"PUSHLIMITS Designed by Artoid"* product |
| | *"Rubbermaid® SHAKER BOTTLE"* product |



16. Further, the design features of the Bottle Trade Dress are not comparatively simple or inexpensive to manufacture because the elements are complex. For example, the lid shown in the Bottle Trade Dress is more expensive to manufacture than other lids. The design features of the Bottle Trade Dress do not affect the quality of the product. The design of the Bottle Trade Dress is not a competitive necessity.

17. BlenderBottle® has also obtained U.S. Trademark Registration No. 6,245,626 for its agitator trade dress (the "Agitator Trade Dress"). A true and correct copy of U.S. Trademark Registration No. 6,245,626 is attached hereto as **Exhibit 3**.

18. BlenderBottle® manufactures and sells agitators bearing its registered Agitator Trade Dress. The Agitator Trade Dress is distinctive its overall design. A picture of BlenderBottle®'s Agitator Trade Dress is provided below.



19.     As a result of BlenderBottle®'s widespread use and display of the Agitator Trade Dress in association with its agitators, (a) the public has come to recognize and identify agitators bearing the Agitator Trade Dress as emanating from BlenderBottle®, (b) the public recognizes that agitators bearing the Agitator Trade Dress constitute high quality products that conform to the specifications created by BlenderBottle®, and (c) the Agitator Trade Dress has established strong secondary meaning and extensive goodwill.

20.     The Agitator Trade Dress is not functional.  The design features embodied by the Agitator Trade Dress are not essential to the function of the product.  The Agitator Trade Dress is not in its particular shape because it works better in that shape.  There are alternative shapes and structures that perform as well as the Agitator Trade Dress.  Alternatives to the Agitator Trade Dress can be found in numerous commercially available products.  Several examples of commercially available alternatives are depicted in the table below:

|  |  |  |
|---|---|---|
| Agitator from "*TOOFEEL SHAKER 700ML*" product | Agitator from "*PUSHLIMITS Designed by Artoid*" product | Agitator from "*PUSHLIMITS Designed by Artoid*" product |



Agitator from "*Rubbermaid® SHAKER BOTTLE*" product

Agitator from "*BOTTLED JOY*" product

Agitator from "*Muscle Pound*" product

Agitator from "contigo® *LEAK-PROOF SHAKER BOTTLE*"

Agitator from "*MAINSTAYS Shaker Bottle*"

Agitator from "*UTOPIA SHAKER BOTTLE*"

Agitator from "*BluePeak Shaker Bottle*" product

Agitator from "*BluePeak Shaker Bottle*" product

Agitator from "*BluePeak Shaker Bottle*" product

21.     The elements of the Agitator Trade Dress do not make the product cheaper or easier to manufacture, and do not affect the quality of the product.  The design of the Agitator Trade Dress is not a competitive necessity.

22.     The Bottle Trade Dress and Agitator Trade Dress are invaluable assets essential to BlenderBottle®'s success and represent the designs of its signature products.  The shape of the Agitator Trade Dress symbolizes the company itself and is part of a registered trademark used by BlenderBottle® as its corporate logo.



23.     Subsequent to BlenderBottle®'s use and adoption of the Bottle Trade Dress and Agitator Trade Dress, Defendant has developed, manufactured, imported, advertised, and/or sold shakers that use a design that is confusingly similar to the Bottle Trade Dress and Agitator Trade Dress.

24.     Defendant manufactures, uses, sells, offers for sale, promotes, advertises and/or imports into the United States the following shaker bottles which infringe BlenderBottle®'s intellectual property rights (collectively, the "NOW Shaker Bottles"):

| NOW Shaker Bottle I | NOW Shaker Bottle II | NOW Shaker Bottle III |
|---|---|---|
|  |  |  |

25.     On March 5, 2020, BlenderBottle® sent Defendant a cease and desist letter demanding that Defendant cease selling shakers that infringe the Asserted Patents and the Bottle Trade Dress.  A true and correct copy of this letter is attached as **Exhibit 4.**

26.     Despite BlenderBottle®'s letters and subsequent correspondence (collectively the "Cease and Desist Letters"), Defendant has continued selling infringing products.

27.     BlenderBottle® is informed and believes, and based thereon alleges that Defendant has intended to blatantly copy BlenderBottle®'s proprietary designs, and pass off its goods as BlenderBottle®'s high quality products to misappropriate the immense goodwill that BlenderBottle® has spent enormous time, effort, and expense to cultivate in the marketplace. Defendant's use of the Bottle Trade Dress and Agitator Trade Dress in commerce is likely to cause confusion, cause mistake, and to deceive as to an affiliation, connection, or association of Defendant and/or its products with BlenderBottle®, when there is none.

28.     Defendant's acts complained of herein have caused BlenderBottle® to suffer irreparable injury to its business.  BlenderBottle® will continue to suffer substantial loss and irreparable injury unless and until Defendant is enjoined from its wrongful actions complained of herein.

29.     BlenderBottle® is informed and believes, and on that basis alleges that Defendant's acts complained of herein are willful and deliberate.

## FIRST CLAIM FOR RELIEF
## DEFENDANT'S PATENT INFRINGEMENT

30.     BlenderBottle® repeats and re-alleges the allegations of paragraphs 1-29 of this Complaint as if set forth fully herein.

31.     This is a claim for patent infringement under 35 U.S.C. § 271.

32.     Defendant, through its agents, employees and/or servants has knowingly, intentionally, and willfully infringed the D235 Patent by making, using, selling, offering for sale, and/or importing products, including the NOW Shaker Bottles that have designs that infringed the D235 Patent.  For example, the side-by-side visual comparisons of BlenderBottle®'s patented design and Defendant's NOW Shaker Bottles shown below establish that in the eye of the ordinary observer, giving such attention as a purchaser usually gives, the design of Defendant's NOW Shaker Bottles are substantially the same as the claimed design of the D235 Patent, because the resemblance is such as to deceive such an observer inducing him to purchase one supposing it to the be the other.  As a result, Defendant infringed the D235 Patent.

| NOW Shaker Bottles | U.S. Design Patent No. D510,235 |
|:---:|:---:|
|  |  |
|  |  |

| NOW Shaker Bottles | U.S. Design Patent No. D510,235 |
|:---:|:---:|
|  |  |

33.     Defendant, through its agents, employees, and/or servants has knowingly, intentionally, and willfully infringed the '032 Patent either literally or under the doctrine of equivalents, through, for example, the manufacture, use, sale, offer for sale, and/or importation into the United States of, at least, Defendant's NOW Shaker Bottle I.

34.     For example, Defendant's NOW Shaker Bottle I infringed at least Claim 15 of the '032 Patent as shown in the claim chart attached hereto as **Exhibit 5**. As a result, Defendant infringed the '032 Patent.

35.     As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to BlenderBottle®.

36.     Pursuant to 35 U.S.C. § 284, BlenderBottle® is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

37.     Pursuant to 35 U.S.C. § 285, BlenderBottle® is entitled to reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

38.     Pursuant to 35 U.S.C. § 289, BlenderBottle® is entitled to Defendant's total profits from Defendant's infringement of the D235 Patent.

### SECOND CLAIM FOR RELIEF
### DEFENDANT'S INFRINGEMENT OF BLENDERBOTTLE®'S TRADE DRESS

39.     BlenderBottle® repeats and re-alleges the allegations of paragraphs 1-38 of this Complaint as if set forth fully herein.

40.     This is a claim for trade dress infringement under 15 U.S.C. § 1125(a).

41.     Subsequent to BlenderBottle®'s use and adoption of the Bottle Trade Dress, and the development of secondary meaning in that trade dress, Defendant has developed, manufactured, imported, advertised, and/or sold products, including the NOW Shaker Bottles, that use trade dress that is confusingly similar to the Bottle Trade Dress.  Examples of Defendant's infringing use of the Bottle Trade Dress are shown below:

*Bottle Trade Dress:*



*Infringing Bottles:*

  

42. Subsequent to BlenderBottle®'s use and adoption of the Agitator Trade Dress, and the development of secondary meaning in that trade dress, Defendant has developed, manufactured, imported, advertised, and/or sold products with agitators, including the agitators for the NOW Shaker Bottle I, that uses a trade dress that is confusingly similar to the Agitator Trade Dress. An example of Defendant's infringing use of the Agitator Trade Dress is shown below:

*Agitator Trade Dress:*



*Infringing Agitator:*



43.     Defendant's use of the Bottle Trade Dress and Agitator Trade Dress in connection with its products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with BlenderBottle®.

44.     BlenderBottle® is informed and believes, and based thereon alleges, that Defendant infringed BlenderBottle®'s trade dress rights with the intent to unfairly compete with BlenderBottle®, to trade upon BlenderBottle®'s reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products are associated with, sponsored by, originated from, or are approved by BlenderBottle®, when they are not, resulting in a loss of reputation in, and mischaracterization of, BlenderBottle®'s products and its brand, damaging its marketability and saleability.

45.     Defendant's activities constitute willful and intentional infringement of BlenderBottle®'s trade dress rights in total disregard of BlenderBottle®'s proprietary rights, and were done despite Defendant's knowledge that use of the Bottle Trade Dress and Agitator Trade Dress was, and is, in direct contravention of BlenderBottle®'s rights.

46.     BlenderBottle® is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's trade dress infringement in an amount that is not presently known to BlenderBottle®.  By reason of Defendant's actions, constituting trade dress infringement,

BlenderBottle® has been damaged and is entitled to monetary relief in an amount to be determined at trial.

47.     Pursuant to 15 U.S.C. § 1117, BlenderBottle® is entitled to recover (1) Defendant's profits, (2) any damages sustained by BlenderBottle®, and (3) the costs of the action.  In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.  The Court may also award BlenderBottle® its reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

48.     Due to Defendant's actions, constituting trade dress infringement, BlenderBottle® has suffered great and irreparable injury, for which BlenderBottle® has no adequate remedy at law.

49.     Defendant will continue to infringe BlenderBottle®'s trade dress rights to the great and irreparable injury of BlenderBottle®, unless and until Defendant is enjoined by this Court.

**THIRD CLAIM FOR RELIEF**
**FALSE DESIGNATION OF ORIGIN, PASSING OFF, & FEDERAL UNFAIR COMPETITION**

50.     BlenderBottle® repeats and re-alleges the allegations of paragraphs 1-49 of this Complaint as if set forth fully herein.

51.     This is a claim for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

52.     Defendant's use of the Bottle Trade Dress and Agitator Trade Dress, without BlenderBottle®'s consent, constitutes false designation of origin, false or misleading description

of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such entity with another entity, or as to the origin, sponsorship, or approval of its goods or commercial activities by another entity in violation of 15 U.S.C. § 1125(a).

53.    Defendant's use of the Bottle Trade Dress and Agitator Trade Dress, without BlenderBottle®'s consent, constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of their products or commercial activities in violation of 15 U.S.C. § 1125(a).

54.    BlenderBottle® is informed and believes, and based thereon alleges that Defendant's acts of false designation of origin, passing off, and unfair competition have been willful and without regard to BlenderBottle®'s rights.

55.    Pursuant to 15 U.S.C. § 1117, BlenderBottle® is entitled to recover (1) Defendant's profits, (2) any damages sustained by BlenderBottle®, and (3) the costs of the action. In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such sum as the Court finds to be just, according to the circumstances of the case. The Court may also award BlenderBottle® its reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

56.    BlenderBottle® has been damaged by Defendant's conduct in an amount to be determined at trial.

57.    Due to Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations

of fact, passing off, and unfair competition, BlenderBottle® has suffered and continues to suffer great and irreparable injury, for which BlenderBottle® has no adequate remedy at law.

58.     Defendant will continue its false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, unless and until Defendant is enjoined by this Court.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

59.     BlenderBottle® repeats and re-alleges the allegations of paragraphs 1-58 of this Complaint as if set forth fully herein.

60.     This is a claim for violation of Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq.*

61.     Defendant has engaged in acts violating Illinois law including, but not limited to, trade dress infringement, false designation of origin, passing off, and federal unfair competition. Such acts cause a likelihood of confusion and/or misunderstanding as to the source of Defendant's goods, a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine BlenderBottle® products.

62.     Defendant's aforementioned acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq.*

63.     Defendant's aforementioned acts have damaged BlenderBottle® in an amount to be determined at trial.

64.     Defendant has irreparably injured BlenderBottle®. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of BlenderBottle®'s rights, for which BlenderBottle® has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

## VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

65.     BlenderBottle® repeats and re-alleges the allegations of paragraphs 1-64 of this Complaint as if set forth fully herein.

66.     Defendant's aforementioned conduct of unfair competition in violation of Section 2 of the Uniform Deceptive Trade Practices Act (815 ILCS § 510, *et seq*) is likely to misrepresent the nature of the Defendant's products and is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant's products and therefore constitutes a violation of the Illinois Consumer Fraud and Deceptive Trade Practice Act, 815 Ill. Comp. Stat. § 505/1, *et seq*.

67.     As a result of Defendant's acts, BlenderBottle® has suffered, and continues to suffer irreparable injury.

68.     Defendant has and will continue to profit and gain as a result of its conduct.

69.     As a result of Defendant's actions, BlenderBottle® is entitled to actual damages, attorneys' fees, and costs associated with bringing this action pursuant to 815 ILCS § 505/10a.

## SIXTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

70.     BlenderBottle® repeats and re-alleges the allegations of paragraphs 1-69 of this Complaint as if set forth fully herein.

71.     This claim arises under the common law of the State of Illinois.

72.     Defendant has engaged in unfair competition through its reliance on and exploitation of consumer mistake and confusion, and its deliberate efforts to exploit the goodwill represented by the BlenderBottle® Bottle Trade Dress and Agitator Trade Dress and by infringement of the Asserted Patents.

73. Defendant's aforementioned acts constitute unfair competition in violation of Illinois common law.

74. As a proximate result of Defendant's actions, BlenderBottle® has suffered and will continue to suffer damages.

75. BlenderBottle® has no adequate remedy at law and will continue to suffer irreparable harm unless Defendant is enjoined.

76. By reason of Defendant's unlawful conduct as alleged above, BlenderBottle® has been substantially injured and is entitled to damages and Defendant's profits attributable to Defendant's infringement, which are presently indeterminate, and the costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, BlenderBottle® prays for judgment in their favor against Defendant for the following relief:

A. An Order adjudging Defendant to have willfully infringed the Asserted Patents under 35 U.S.C. § 271;

B. That Defendant account for all gains, profits, and advantages derived through Defendant's infringement of the Asserted Patents in violation of 35 U.S.C. § 271, and that Defendant pay to BlenderBottle® all damages suffered by BlenderBottle® and/or Defendant's total profits from such infringement pursuant to 35 U.S.C. §§ 284 and 289;

C. That the Court find for BlenderBottle® and against Defendant on BlenderBottle®'s claim of trade dress infringement, false designation of origin, passing off, violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq.,* violation of Illinois Consumer Fraud and Deceptive Business Practices Act, and Illinois common law unfair competition;

D.    That the Court issue a preliminary and permanent injunction against Defendant, its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

i.   manufacturing, importing, marketing, displaying, distributing, offering to sell, and/or selling Defendant's products infringing the Bottle Trade Dress and/or Agitator Trade Dress, or any products that are not colorably different therefrom;

ii.  using BlenderBottle®'s Bottle Trade Dress and/or Agitator Trade Dress, or any other trade dress that is confusingly similar to BlenderBottle®'s Bottle Trade Dress and/or Agitator Trade Dress;

iii. falsely designating the origin of Defendant's products;

iv.  passing off Defendant's products as those of BlenderBottle®;

v.   misrepresenting by any means whatsoever, directly or indirectly, the source or sponsorship of any of Defendant's products;

vi.  unfairly competing with BlenderBottle® in any manner whatsoever; and

vii. causing a likelihood of confusion or injuries to BlenderBottle®'s business reputation.

E.    That an accounting be ordered to determine Defendant's profits resulting from its trade dress infringement, false designation or origin, passing off, and unfair competition;

F.    That BlenderBottle® be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy and as a remedy under 15 U.S.C. § 1117, including all damages sustained by BlenderBottle® as a result of Defendant's acts of

trade dress infringement, false designation of origin, passing off, and unfair competition, all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions, and the costs of this action. That such award of BlenderBottle® of damages and profits be trebled pursuant to 15 U.S.C. § 1117;

G.     An Order adjudging that this is an exceptional case under 15 U.S.C. § 1117 and/or 35 U.S.C. § 285;

H.     An Order that Defendant's infringement is willful and a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284, 815 ILCS § 505/10a, and/or Illinois common law;

I.     An award to BlenderBottle® of the attorneys' fees, expenses, and costs incurred by BlenderBottle® in connection with this action pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117, 815 ILCS § 505/10a, and/or Illinois common law;

J.     An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and

K.     Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, BlenderBottle® requests a trial by jury of all issues so triable.

s/*Julianne M. Hartzell*
Julianne M. Hartzell
Kelley S. Gordon
Marshall Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, Illinois 60606
Telephone: (312) 474-6300
Fax: (312) 474-0448
jhartzell@marshallip.com
kgordon@marshallip.com

*Of Counsel:*

Paul A. Stewart (*pro hac vice* pending)
Ali S. Razai (*pro hac vice* pending)
Nicole Townes (*pro hac vice* pending)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502
Paul.stewart@knobbe.com
Ali.Razai@knobbe.com
Nicole.Townes@knobbe.com

Counsel for Plaintiff
TROVE BRANDS, LLC d/b/a THE
BLENDERBOTTLE COMPANY

March 4, 2021

March 4, 2021